IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Troy A. Tucker, #251715, | ) | C/A No.: 1:10-1086-JFA-SVH |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| Raymond Reed Jr., Warden, Manning Correctional Inst., | ) | |
| Respondent. | ) | |

Petitioner, Troy A. Tucker ("Petitioner"), proceeding *pro se* and *in forma pauperis* under 28 U.S.C. § 1915, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district court. Petitioner is an inmate at Manning Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC). The instant petition is untimely, and is therefore subject to summary dismissal.

I.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989);

*Haines v. Kerner*, 404 U.S. 519 (1972); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *See Weller v. Dept. of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.  Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–491 (1973) (exhaustion required under 28 U.S.C. § 2241).

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

Petitioner reports that he was convicted November 15, 2007 in York County. He did not make a direct appeal. Therefore, the date on which his conviction became final was November 26, 2007. *See* S.C.A.C.R. 203(b)(2) (time for service of appeals from general sessions) and 263 (time computation). Petitioner filed an Application for Post-Conviction Relief ("PCR") November 6, 2008, 346 days after his conviction became final. His PCR was dismissed by the state circuit court on October 28, 2008. His petition

for certiorari was denied by the South Carolina Supreme Court on August 6, 2009. Petitioner had 19 days in which to file a federal habeas petition pursuant to 28 U.S.C. § 2254 after his PCR was denied by the South Carolina Supreme Court; however, he waited more than ten months to file this petition on June 25, 2010. Therefore, it appears 675 days have elapsed since Petitioner's conviction became final, placing this petition outside of the limitations period.

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006) (carving out habeas corpus petitions and *in forma pauperis* complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint). The Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.* Similarly, the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely. The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

McMillan v. Jarvis, 332 F3d 244, 249 (4th Cir. 2003); *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002).

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). The standard habeas petition form (AO-241) requests information in question number 18 pertaining to the timeliness of the petition. The question states "[i]f your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." The footnote to the question provides the text of 28 U.S.C. § 2244(d).

In response to question number 18 of his petition, Petitioner states "I AM GOOD TO GO!!" As discussed above, however, the petition is untimely, and Petitioner's assertion is incorrect. Petitioner was given notice of the untimeliness of his petition and an opportunity to show cause why his case should not be dismissed on timeliness grounds by order of the undersigned dated August 26, 2010. Thus, Petitioner had an opportunity to present any "facts not apparent to the court that militate against the application of the limitations bar." *McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003). Petitioner could be entitled to equitable tolling of the statute of limitations if he were to present facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.

2003). However, Petitioner failed to reply to the order to show cause, and thus has presented no argument in favor of equitable tolling.

III.  Recommendation

Accordingly, it is recommended that the petition be dismissed without prejudice as untimely, without requiring the respondents to file a return.

IT IS SO RECOMMENDED.

October 14, 2010  Shiva V. Hodges
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**